GEORGE W. SONNTAG, RESPONDENT, v. R. ARTHUR HELLER, APPELLANT.

Submitted March 27, 1922—Decided June 19, 1922.

An infant who represents himself to be, and appears to be, an adult, is estopped from setting up infancy only when he has received a benefit under the contract he fraudulently induced and retains it.

On appeal from the Supreme Court.

For the appellant, *Edwin G. Adams.*

For the respondent, *Charles B. Clancey.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. · Plaintiff sued defendant in the Supreme Court on a contract for plumbing made April 1st, 1917, and had a verdict and judgment, and defendant appeals.

Two other contracts were made between the same parties, one in November and the other in December, 1917. Plaintiff did not perform the last two contracts and defendant counterclaimed for damages for their non-performance. The plaintiff in his answer to the defendant's counter-claim pleaded *inter alia* that he was a minor when he entered into the contracts of November and December, 1917. Defendant filed a

rejoinder, in which he pleaded to plaintiff's defence of infancy, that by reason of the plaintiff's representing himself to be a master plumber licensed by the city of Newark (defendant knowing that only an adult could be so licensed), and by his appearance and by his conducting business, defendant was led to believe that plaintiff was an adult, and by these false representations defendant was induced to enter into those contracts, whereby plaintiff was estopped to set up the defence of infancy; and he relies upon *La Rosa* v. *Nichols,* 92 *N. J. L.* 375, to show error in the judge's charge that infancy was a defence to the counter-claim on the contracts of November and December, 1917, and also as to his refusal to charge, as requested in that behalf, that since it appeared by admissions in the pleadings that plaintiff by his conduct and appearance, &c., induced defendant to make the three contracts, under the first of which he received and retained moneys paid by defendant, all three being one transaction, plaintiff was estopped to set up the claim of infancy. No sur-rejoinder was filed, and defendant contends that therefore the allegations of the rejoinder are admitted. Assuming that to the fullest extent, it amounts to this: That defendant was induced to enter into a contract with an infant because of his false representations and appearance, but as there is here no averment that under the contracts of November and December, 1917, the plaintiff secured a benefit which he retained, the defence of infancy was available to him, as the matter set up in the rejoinder did not amount to a defence in bar of the plaintiff's suit, for the reason just stated, namely, that he had not *received and retained* a benefit under the contracts.

The defendant-appellant would avoid the force of this by treating the three contracts of April, November and December, 1917, as one, and, as the plaintiff had a payment on account of the first agreement, the argument is that he received a benefit under an entire contract, which he retained, and that therefore the defence of infancy was not available to him.

The three contracts were not one transaction, as contended for by defendant, but were entirely separate and distinct, and the trial judge was right in holding that infancy was a defence as to the last two. Under the doctrine of La Rosa *v.* Nichols, an infant who represents himself to be, and appears to be, an adult, is estopped from setting up infancy only if he has *received* a *benefit* under the contract he fraudulently induced *and retains* it. In the instant case, plaintiff received no benefit under the contracts of November and December, 1917, and, consequently, the defence of infancy was available to him; and the trial judge recognizing the distinction between the facts of the instant case and those present in *La Rosa* v. *Nichols, supra,* correctly applied the doctrine of that case and charged the jury that while the boy in the case before him represented himself to be of age, &c., he obtained no benefits from the two contracts which he disaffirmed; and in this he was right.

The judgment under review will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.