IRWIN C. FEINSILVER, AN INFANT, BY HARRY M. FEIN-
SILVER, HIS NEXT FRIEND, PLAINTIFF-APPELLANT,
v. SCHIFTER MOTORS, INC., A CORPORATION, DE-
FENDANT-RESPONDENT.

Submitted October 7, 1941—Decided January 3, 1942.

Before Justices PARKER, DONGES and COLIE.

For the plaintiff-appellant, *Mintz & Herships* (*Hyman B. Mintz,* of counsel).

For the defendant-respondent, *A. Theodore DeMuro.*

The opinion of the court was delivered by

COLIE, J.   Appellant, a minor, purchased an automobile of respondent under a contract of conditional sale. Simultaneously he signed a statement stating his age as twenty-two and his appearance did not belie the statement. The trial judge found as a fact that the infant misrepresented his age and that the respondent was misled thereby. The infant plaintiff paid on account of the purchase price $554, the amount fixed on the trade-in of another car and installments totaling $201. There was a default and the respondent repossessed the car. Thereafter, the infant caused a letter to be written to the respondent rescinding the contract, offering to allow a reasonable sum for the use of the automobile and demanding the return of the money he paid for the car. The

respondent refused to recognize the claim. Thereupon, suit was commenced to recover the payments made under the contract, plaintiff waiving any excess over the court's jurisdiction. At the close of the case the appellant moved for the direction of a verdict in his favor which motion was denied, the court "feeling" that the appellant had retained the benefits of the contract and that the automobile had not been returned voluntarily but because of the breach of the contract of payment and consequent repossession.

The car was purchased in March and repossessed in November, a period of eight months. The state of demand filed in this cause set forth, *inter alia,* "the infant plaintiff * * * disaffirmed said contract * * * and offered to allow and now offers to allow the deduction, from the money due to him, of an amount equal to the fair and reasonable value of the use and benefit which he received from his possession of the car." Obviously the offer so pleaded was for the purpose of bringing the suit within the rule as established in *Sonntag* v. *Heller,* 97 *N. J. L.* 462, that an infant who represents himself to be, and appears to be, an adult, is estopped from setting up infancy only if he has received a benefit under the contract he fraudulently induced and retains it.

The offer to allow a credit equal in value to the fair and reasonable value of the use of the car by the infant—although belated—nonetheless would effectually strip the infant of any benefits from the contract that his fraud induced, and distinguishes the instant case from *Brinkmann* v. *Dorsey Motors, Inc.,* 121 *N. J. L.* 115; *affirmed,* 122 *Id.* 378, in which the infant made no attempt to perform his obligation to account for the benefits actually received.

The judgment of the District Court is reversed.