### DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF WARREN COUNTY.

## PUBLIC FINANCE SERVICE, INC., PLAINTIFF, v. FRANCES AMATO, DEFENDANT.

Decided September 7, 1944.

For the plaintiff, *Lewis S. Beers.*

For the defendant, *Thomas J. Kelly, Jr.*

KINGFIELD, D. C. J. The facts in the above case are as follows: Louis Amato applied to the plaintiff for a personal loan, which was denied him on the ground that he already had outstanding loans from other finance companies. He was advised to have another member of his family apply for a loan. In the application for the loan in question, which was signed by the defendant, her age is stated to be twenty-one years, when in fact, at that time, she was only eighteen years old. The loan was for $200, and payments on account, which were made by Louis Amato and by his sister, the defendant, reduced the principal to $174.74 Louis Amato is now in the armed services, and suit on the note, which was signed by Frances Amato, and guaranteed by her brother, Louis Amato, was instituted against the defendant, who

became twenty-one years of age on April 18th, 1944. The last payment on account of the note was made by the defendant on June 19th, 1943, ten months prior to her becoming of age. It is admitted that Miss Amato did not receive any of the proceeds of the loan, all of which went to her brother. The defense was infancy.

The rule of law to be applied to the case in question was decided in the case of *LaRosa* v. *Nichols,* 92 *N. J. L.* 375; 105 *Atl. Rep.* 201, by the Court of Errors and Appeals, wherein suit was instituted upon a claim for storage and work done upon an automobile owned by an infant: If a minor under twenty-one years of age, by falsely representing himself to be an adult, which he appears to be, for the purpose of inducing another to enter into a contract with him, and, thereby, through such representation and appearance, the other party is led to believe that such an infant is an adult, and makes a contract with him the benefit of which he obtains and retains, then, in a suit on the contract, the minor will not be permitted to set up the privilege of infancy, because, by his fraudulent conduct, he has estopped himself from so pleading.

In *Sonntag* v. *Heller,* 97 *N. J. L.* 462; 117 *Atl. Rep.* 638, an infant, falsely representing his age, was able to set up a defense of infancy where he received no benefit from the contract.

In *Majaika* v. *Jamison,* 115 *N. J. L.* 358; 180 *Atl. Rep.* 402, a promissory note was given during defendant's infancy for borrowed money, but since the money was not used for necessaries it was held to be voidable. The case also held that the mere fact that the infant remained silent and failed to disaffirm the contract after reaching majority is no ground for directing a verdict against him.

In *Brinkmann* v. *Dorsey Motors, Inc.,* 121 *N. J. L.* 115; 1 *Atl. Rep.* (2d) 473; affirmed by the Court of Errors and Appeals, 122 *N. J. L.* 378; 5 *Atl. Rep.* (2d) 686, where the evidence showed that the plaintiff falsely represented himself to be an adult, which he appeared to be, and induced the defendant to enter into a contract with him, the benefits, in this case, being the use of a truck purchased from the

defendant, which the plaintiff obtained and retained, the plea of infancy was not allowed.

Then in the later case of *Feinsilver* v. *Schifter Motors, Inc.*, 127 *N. J. L.* 459; 23 *Atl. Rep.* (2d) 283, the facts were somewhat similar to the Brinkmann case, but the plea of infancy was allowed, since the infant offered to credit against any recovery the reasonable value of the use and benefits which inured to him from the contract. The court held that since this stripped the infant from any benefits of the fraudulently induced contract, the plea of infancy, though belated, was nevertheless timely.

In *Mandell* v. *Passaic National Bank and Trust Co.*, 18 *N. J. Mis. R.* 455; 14 *Atl. Rep.* (2d) 523, the court stated that much depends upon whether the infant in fact received the proceeds of the loan.

The finding of fact in *Horwitz* v. *Hudson County National Bank*, 125 *N. J. L.* 3; 13 *Atl. Rep.* (2d) 493, was such that the infant was estopped from pleading infancy.

In *Reggiori* v. *Forbes*, 128 *N. J. L.* 391; 26 *Atl. Rep.* (2d) 145, the infant falsely represented himself to be an adult, which he appeared to be, and suit was brought to recover the balance due from the infant who counter-claimed for the amount of the payment he had made, claiming the agreement was unenforceable in view of his infancy. The court held that the infant was not obliged to pay the balance due on his contract but neither could he collect the payments which he had made.

Applying the principles of law in the foregoing decided cases to the matter in question, it appears to me that the plea of infancy is a good plea.

Even though the infant falsely represented herself to be an adult for the purpose of inducing another to enter into a contract with her, where there is no evidence introduced that the infant appeared to be an adult and that the other party relied upon this adult appearance, and further where the evidence clearly indicated that the infant received and retained no benefit from the contract, the minor is not precluded from setting up the privilege of infancy. Judgment is entered for the defendant.