29 N.J. Super. 449 (1954)
102 A.2d 784
MECHANICS FINANCE CO., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY PAOLINO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 23, 1953.
Decided January 29, 1954.
*451 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Anthony P. LaPorta argued the cause for defendant-appellant (Mr. Samuel L. Marciano, attorney).
Mr. Sidney H. Kantrowitz argued the cause for plaintiff-respondent (Messrs. Eichenbaum, Kantrowitz & Eichenbaum, attorneys).
The opinion of the court was delivered by GOLDMANN, J.A.D.
Defendant appeals from a judgment of $1,000 and costs entered in the Hudson County District Court in favor of plaintiff. No stenographic record having been made, the matter is before us on a statement of evidence settled and approved by the district court judge pursuant to R.R. 1:6-3 (formerly Rule 1:2-23), made applicable to this court by R.R. 2:6.
Plaintiff sued on a demand note in the sum of $960.92, executed by defendant on September 29, 1952 and payable to plaintiff's order at the rate of $8 each week. The defense was infancy. The reply was a denial, or in the alternative, should infancy be established, that defendant misrepresented his age to be that of an adult and plaintiff relied thereon by reason of his appearance, conduct and statements, to its detriment. At the trial defendant denied all legal liability even though he had signed the note, and relied on the fact *452 that he had received no personal benefit or consideration for his undertaking.
Plaintiff was assignee of certain claims for merchandise sold to one Florence Branda over a period of years and on which she owed $960.62. When it threatened suit Miss Branda suggested to McCaig, its credit manager, that she be allowed to make periodic payments. McCaig agreed to the arrangement, but only upon condition that she get someone to guarantee the debt. She persuaded defendant, whom she had known for only a few weeks, to do so. The three met on September 29, 1952. Before defendant signed the note McCaig told him of Miss Branda's obligation and plaintiff's agreement not to sue. McCaig also asked for and wrote down the information appearing in the confidential credit application admitted in evidence. Defendant admits he was asked his name, address, length of residence, phone number, name and address of his employer, and how long he had been employed. He denied having been asked his age, but McCaig testified that the question was put and defendant had answered he was 21 years old. McCaig also stated that defendant appeared to him to be an adult. He testified on cross-examination that he was not sure whether he had asked defendant for any proof as to his age, but believed he had asked him for his driver's license. McCaig further testified defendant had not received any money or personal property in return for his signing the note, nor had Miss Branda. He denied, in contradiction of defendant's testimony, that he had said that if defendant did not sign the note he would put Miss Branda in jail, or that he had told defendant he would not be called upon to make payments if Miss Branda defaulted. Miss Branda substantiated McCaig's testimony in all respects except that she did not recall his threatening her with jail. She specifically recalled McCaig's asking defendant if he was 21 years old and being told he was.
Miss Branda made only two $8 payments in reduction of her debt, on September 29 and November 5, 1952. Defendant made none.
*453 The district court judge found as a fact that defendant had deliberately misstated his age in order to induce plaintiff not to sue Miss Branda, that it relied on this misrepresentation, that defendant appeared to be an adult, and that he was estopped from setting up the defense of infancy, citing LaRosa v. Nichols, 92 N.J.L. 375, 6 A.L.R. 412 (E. & A. 1918). On the question of consideration, the judge found that defendant signed the note and delivered it to plaintiff upon its promise to forbear from suing Miss Branda, that it kept its promise and instituted no action against her, that defendant received and retained a benefit and should therefore be precluded from setting up the defense of infancy. The court thereupon entered the judgment here under attack.
Defendant was 20 years, 9 months and 2 days old at the time he executed the note. He was 21 years, 3 months and 4 days old when this action was instituted. The record supports the finding below that defendant deliberately misrepresented his age and that plaintiff relied on the misstatement. The trial judge was in a position to observe for himself whether defendant, only a few months older than when he signed the note, had the adult appearance to which McCaig testified. We give full weight to the court's findings that defendant did have that appearance.
Defendant contends that at common law and by the preponderance of American authority an infant is not estopped from setting up his infancy as a defense to an action on a contract, even though he induced the other party to enter into the contract by falsely representing himself to be of age. It is generally true that an infant may avoid his contract. R.J. Goerke v. Nicolson, 5 N.J. Super. 412 (App. Div. 1949); 1 Williston on Contracts (rev. ed. 1936), § 226, p. 677. However, in LaRosa v. Nichols, 92 N.J.L. 375 (1918), the Court of Errors and Appeals held there is an exception to that general rule; in a proper case an infant may be estopped from asserting infancy as a defense. Chancellor Walker, speaking for the court, said (at p. 380):
*454 "As applied to the facts in the case at bar, the law, as I view it, is, that if a youth under twenty-one years of age, by falsely representing himself to be an adult, which he appears to be, for the purpose of inducing another to enter into a contract with him, and, thereby, through such representation and appearance the other party is led to believe that such infant is an adult, and makes a contract with him, the benefit of which he obtains and retains, then, in a suit on that contract, the minor will not be permitted to set up the privilege of infancy, because by his fraudulent conduct he has estopped himself from so pleading; and this in a court of law as well as in a court of equity."
Defendant cites decisions from other jurisdictions and urges us to overrule the LaRosa doctrine. We cannot accede to the suggestion. Not only are we bound by a long line of authority stemming from that decision, but we believe the rule it enunciated a sound one. There has been considerable dissatisfaction with the view that permits infants to avoid their contractual obligations, no matter what the circumstances. As one legal commentator observed, here is an area of Anglo-American law much in need of realistic adjustment to the sophistication of modern youth. Cf. Reggiori v. Forbes, 128 N.J.L. 391, 394 (Sup. Ct. 1942). LaRosa v. Nichols represents a forward step in meeting a difficult problem in the law of contracts.
Defendant is on sounder ground when he urges that the doctrine of estoppel to plead infancy does not apply in this case because he obtained no personal benefit for his note. The LaRosa doctrine applies only where the infant received and retained a benefit under the contract he fraudulently induced. This rule was emphasized and applied in Sonntag v. Heller, 97 N.J.L. 462 (E. & A. 1922).
The evidence is clear that defendant received no tangible personal benefit. Plaintiff's promise not to sue Miss Branda, and its forbearance in bringing suit against her, was not a benefit running to defendant. Cf. Cassella v. Tiberio, 150 Ohio St. 27, 80 N.E.2d 426, 5 A.L.R.2d 1 (Sup. Ct. 1948); Walker v. Stokes Bros. & Co., 262 S.W. 158 (Tex. Civ. App. 1924); J.G. Pierce Co. v. Wallace, 251 Mass. 383, 146 N.E. 658 (Sup. Jud. Ct. 1925). Plaintiff would avoid the absence of any benefit received or retained *455 by defendant by arguing that an infant who misrepresents his age may never set up the defense of infancy. Such is clearly not the law of this State. Sonntag v. Heller, above.
Plaintiff's next contention is that by reason of what defendant did it was put in a position where "restoration is impossible," quoting from Sawicki v. Slahor, 11 N.J. Misc. 604, 167 A. 691 (Cir. Ct. 1933), a suit for breach of promise to marry where the infant defendant seduced plaintiff by fraudulently promising to marry her. The argument is not sound. Plaintiff still has its right of action against the principal debtor. It does not represent that it released Miss Branda from her debt, or that the statute of limitations has outlawed the claim. Less than five months elapsed from the time Miss Branda paid her last installment and plaintiff's resort to the courts. It may have lost something by the delay  earlier collection of the money due  but not very much more than the loss occasioned in the Sonntag case where the infant refused to go through with the plumbing contracts. The Sawicki case is clearly distinguishable; the damage here is obviously not of the same irreparable type as was suffered by Miss Sawicki, who became pregnant as a result of the seduction and gave birth to a child. Compare Feinsilver v. Schifter Motors, Inc., 127 N.J.L. 459 (Sup. Ct. 1942), where the infant plaintiff sued for the return of the amount paid on account of the purchase price of an automobile and offered to allow a credit equal to the fair and reasonable value of his use of the car, the court holding that in such circumstances he could disaffirm the contract. In the present case defendant received no benefit under the contract which he can return to plaintiff.
The doctrine of estoppel having no application to the matter at hand, there remains the question as to whether defendant affirmed his undertaking. An infant cannot affirmatively ratify until he comes of age. After that date any manifestation by him of an intent to regard the bargain as binding will deprive him of the power to avoid the contract. 1 Williston on Contracts (rev. ed. 1936), § 239, p. 707. Mere silence or inaction by a former infant after *456 attaining majority does not amount to a ratification of a contract made during infancy. Majaika v. Jamison, 115 N.J.L. 358 (Sup. Ct. 1935). However, an infant should be required to disaffirm within a reasonable time after coming of age; such a rule is sound in theory and practice. Williston, § 239, p. 708; cf. Cassella v. Tiberio, 150 Ohio St. 27, 80 N.E.2d 426, 429, 5 A.L.R.2d 1 (Sup. Ct. 1948).
There is no evidence from which a ratification by defendant can be spelled out. This action was begun a little more than three months after he came of age. It cannot be said that he waited more than a reasonable time to disaffirm. Disavowal of a contract by an infant need not be by any prescribed form or ceremony; the filing of an answer by him or in his behalf, disaffirming the contract, is sufficient in itself to accomplish the result. Bankers Trust Co. v. Bank of Rockville, &c. Co., 114 N.J. Eq. 391, 406 (E. & A. 1933).
The judgment is reversed.