THE PEMBERTON BUILDING AND LOAN ASSOCIATION

*v.*

GEORGE L. ADAMS.

1. Infancy is no defence to a suit upon a contract, the consideration of which was money actually advanced to the infant, upon his falsely representing himself to be of age, such representation being relied upon by the lender.

2. A court of equity will not permit a defendant to protect himself against the enforcement of a contract, under which he has secured a loan of money, under the plea of infancy, without returning the money loaned.

---

On final hearing on pleadings and proofs.

*Mr. Joseph H. Gaskill,* for the complainant.

*Mr. John W. Wartman,* for the defendant.

BIRD, V. C.

The principal question in this case is whether the defendant, George L. Adams, represented himself to be of age, and on such representations secured the loan of the moneys named in the mortgage. The evidence shows that when the parties were negotiating, the person making the loan asked Adams if he was of age, to which Adams replied that he was. That such inquiry was made is not only established by the testimony of the person who made it, but by a bystander, who distinctly heard the inquiry but did not hear the answer thereto, although he swears that something was said by way of reply. Adams says he made no representations concerning his age. I have no doubt but the

inquiry was made and that the answer was purposely false. It is equally clear that the statement that he was of age was relied upon, and that the loan would not have been made if the answer had been according to the fact.

The law will not, under such circumstances, allow a fraud-doer to protect himself under the plea of infancy. *1 Jones Mort.* § *631; Herm. Estop. and Res Adjudicata p. 1232* §§ *1100, 1118, p. 1253* § *119; Parker* v. *Hayes, 12 Stew. Eq. 478, 479; S. C., 14 Stew. Eq. 631, 633; 2 Pom. Eq. Jur.* §§ *780, 945.*

In the next place, Adams, after coming of age, retained the possession of this property and claimed and enjoyed all the benefits of a conveyance thereof, and now raises this defence of infancy without offering to return the consideration money. Under these circumstances his liability continues even though there had been no fraud. *1 Jones Mort.* §§ *104, 105; Herm. Estop. p. 1257* § *1121; 3 Wait Ac. & Def. 443,* and many cases there cited; *1 Story Eq. Jur.* § *385.*

The complainant is entitled to a decree, with costs. I will so advise.