PHILIP LEVINE, BY NEXT FRIEND, RESPONDENT, v.
MALLON OLDSMOBILE CO., INC., APPELLANT.

Submitted May 6, 1941—Decided September 27, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellants, *Louis Zemel*.

For the respondent, *Paul M. Strack*.

The opinion of the court was delivered by

PARKER, J. The action is by Philip Levine, an infant
suing by next friend, against a corporation dealer in auto-
mobiles, to recover back moneys paid on an installment con-
tract for the purchase of a "used" automobile. The defense
was that the automobile had not been contracted to the infant
plaintiff, but to one Jerry Luna. The court gave judgment
for defendant, and plaintiff appeals.

We think the judgment erroneous. There was indeed tes-
timony that defendant's sales agents refused to contract to
plaintiff because he was under age; but whatever the pre-
liminary conversations were, the case is controlled by the
written instruments embodying the contract; and these show
that the contract of sale by installments was signed by Jerry
Luna and Philip Levine as purchasers, and consequently was
a joint contract and not the individual contract of either.

198

The law is of course clear that where a contract to purchase is by the infant alone, he may avoid it and recover back money paid on account, subject perhaps to a counter-claim for damages to or partial destruction of the property. 31 *C. J.* 1025. And we think it is also fairly settled that where an infant and an adult jointly agree to purchase personalty, the infant may avoid the contract, and suit be brought against the adult alone. *Dacosta* v. *Davis,* 24 *N. J. L.* 319. Conversely it would seem that the infant as a joint purchaser may recover back what he has paid, in whole or part, subject to counter-claim as if he had been the only purchaser. *Obering* v. *Swain-Roach Lumber Co.,* 155 *N. E. Rep.* 712. The case of *Latrobe* v. *Dietrich,* 114 *Md.* 8; 78 *Atl. Rep.* 893, seems to the contrary, but in that case there was a partnership.

In the case at bar, the contract of sale was dated May 7th, 1940, and return tendered, as alleged in the state of demand, on July 15th, 1940, more than two months later. In these cases, depreciation is a matter of common knowledge. We consider that the plaintiff is entitled to recover back what he paid on account of the purchase, less a reasonable allowance for diminution in value; and to ascertain the amount thereof, there must be a new trial.

The judgment is reversed, and the case will be remanded to the District Court for a new trial in accordance with the views herein expressed. Costs to abide the result.