NORMAN REGGIORI, PLAINTIFF-APPELLANT, v. CAMP-
BELL FORBES, DEFENDANT-RESPONDENT.

Submitted October 7, 1941—Decided May 14, 1942.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Isadore Rabinowitz, Nathan Rabinowitz* and *Ervan Fred Kushner* (*Isadore Rabinowitz,* of counsel).

For the respondent, *Marcus & Katz* (*John E. Selser,* of counsel).

The opinion of the court was delivered by

COLIE, J. This is plaintiff's appeal from a judgment of $240 upon a counter-claim filed by the defendant. The judgment under review arose from the following facts: Norman Reggiori, the appellant, was the owner and operator of an automobile which, on January 11th, 1938, collided with an automobile owned and operated by the respondent, Campbell Forbes, who was then an infant and came of age in October, 1940. Property damage and personal injuries resulted from the collision, to recover damages for which Reggiori instituted suit against Forbes in the Third Judicial District Court of Bergen County. The state of demand was in two counts; the first covering damages to the automobile and demanding $350; the second covering personal injuries to the plaintiff and demanding $150. In May, 1938, Forbes, then in his nineteenth year, signed a paper-writing which recited that "in consideration of Norman Reggiori not proceeding to take steps to begin suit against me for personal injuries * * * I, Campbell Forbes agree to pay for the doctor's and hospital bills * * * in the sum of $75 at the rate of $2.50 a week." It then recited that the payments were not to begin until $300 had been paid under another agreement of the same date. The agreement to pay $300 was described as payment of "actual property damage involved" and, by its terms, was "in consideration of Norman Reggiori not proceeding to take judgment or to take any further action" in the pending suit. Forbes paid $240 on account of the agreement as to property damage before attaining the age of twenty-one and thereafter made no payments under either agreement. In the interim the suit in the Third Judicial District Court had been marked "Not moved." Since more than two years have elapsed since the case was so marked, it cannot now be restored to the calendar. *R. S.* 2:32-97. With affairs in this posture, Reggiori brought the present suit against Forbes in the Fourth

Judicial District Court of Bergen County, seeking to recover the unpaid balance alleged to be due under the agreements of May, 1938. Forbes filed an answer denying liability thereunder and pleading infancy as a defense. He also filed a counter-claim seeking to recover the sum of $240 which he had paid to Reggiori under the agreements which he sets up to be unenforceable. The District Court Judge found in favor of the defendant, Campbell Forbes, and entered judgment on the counter-claim for $240. The present appeal is from this judgment, and two questions are presented; first, whether the court below properly refused to award judgment to the plaintiff, Reggiori, for the unpaid balance on the two contracts; and secondly, whether the trial court properly awarded a judgment requiring the plaintiff to repay what he had received in part settlement of an action in tort against an infant defendant.

As to the first question, we think the judgment should be affirmed. As to the second question, however, we consider there was error calling for a reversal. Admittedly, the infant had been a party to an automobile accident involving personal injury and property damage, and was defendant in an action to recover damages therefor. He procured a suspension of that suit for over two years, and its abatement, by a proposition of settlement, accepted and performed until he came of age. He led the present appellant, by his conduct, to believe that a valid agreement had been made, and lulled him into quiescence until the two years had run out. Part of that inducement, indeed the principal part, was the payment of the installments. We are clear that he is estopped from a recovery of what he had paid. We think the case is fairly within the holding in *LaRosa* v. *Nichols,* 92 *N. J. L.* 375, in which the Court of Errors and Appeals said: "the law, as I view it, is, that if a youth under twenty-one years of age, by falsely representing himself to be an adult, which he appears to be, for the purpose of inducing another to enter into a contract with him, and, thereby, through such representation and appearance the other party is led to believe that such infant is an adult, and makes a contract with him, the benefit of which he obtains and retains, then, in a suit on that contract, the minor will not be permitted to set up the privilege

of infancy, because by his fraudulent conduct he has estopped himself from so pleading; and this in a court of law as well as in a court of equity." In the course of its opinion the court quoted at length and with approval from the holding in *Hall* v. *Butterfield, 59 N. H.* 354, that "The true rule is, that the contract of an infant or lunatic, whether executed or executory, cannot be rescinded or avoided without restoring to the other party the consideration received, or allowing him to recover compensation for all the benefit conferred upon the party seeking to avoid the contract."

*Williston on Contracts (Rev. Ed.)* 705, § 238, says: "Though the weight of authority still permits an infant vendee to recover the price paid merely upon offering to return the property, if any, remaining in his hands, without accounting to the vendor for its depreciation or use, there is an increasing number of jurisdictions which allow the vendor to deduct for such depreciation and use. In view of the general education and early sophistication of youth, when minors commonly transact a considerable volume of business on their own behalf, the latter view which rests upon the equitable basis that, if the contract is fair and reasonable, then the minor should not be permitted to overreach any more than the adult seems clearly the better."

The adoption of such a rule would be in accord with the wise counsel of Lord Mansfield as quoted in *Hall* v. *Butterfield, supra:* "Great inconveniences must arise to others if infants were bound by no act. The law, therefore, at the same time that it protects their imbecility and indiscretion from injury through their own imprudence, enables them to do binding acts for their benefit * * *. A third rule, deducible from the nature of the privilege that is given as a shield and not a sword, is, that it never shall be turned into an offensive weapon of fraud or injustice."

In the instant case, the infant cannot, if he would, restore the *status quo.* In this situation the parties should be left in the position where they have voluntarily placed themselves. Accordingly the judgment in favor of the defendant, Forbes, in the main suit is affirmed, and the judgment in favor of the defendant on the counter-claim is reversed, and judgment entered thereon in favor of plaintiff. All without costs.