Defendant seeks to reverse a judgment entered against it by the Essex County Judicial District Court, sitting without a jury, in favor of the plaintiff, a minor, for the amount of a payment made on the purchase of an automobile, plaintiff having disavowed his contract.
Plaintiff made a down payment of $220 on an automobile purchased from defendant. Arrangements for payment of the balance of the purchase price were made by defendant with a finance company. At the time of the execution of the contract, plaintiff was nineteen years of age and made known that fact to defendant's salesman. Plaintiff, at defendant's suggestion, represented his age to the finance company as twenty-two. Upon disavowal of his contract he returned the automobile to defendant.
In its answer, defendant asserted that it sold the car to plaintiff upon his fraudulent representation that he was of full age; that the car had never been legally returned to defendant; that plaintiff had obtained and retained the benefits of the purchase through his fraudulent action.
The only ground advanced by defendant for reversal is that the trial court erred in giving judgment for the plaintiff in that plaintiff "did not make restitution to the defendant or offer to compensate the defendant for the retention of the car in question by him, and because plaintiff bought the car as a necessity."
The only question for decision is whether, under the circumstances, plaintiff could legally disavow his contract and recover the amount of the down payment. Appellant relies on the cases of Feinsilver v. Shifter Motors, Inc., 127 N.J.L. 459
(Sup. Ct. 1942), and La Rosa v. Nichols, 92 N.J.L. 375 (E. A. 1918). An examination of both cases reveals that there was a factual finding of fraudulent representations by the infant as to his age and, therefore, the infant was estopped from voiding his contract and recovering the payments made thereon. In the case sub judice, we find that the plaintiff made no fraudulent representation regarding his age. In fact, defendant's witness admitted that plaintiff had *Page 85 
shown him his driver's license, setting forth his age as nineteen. "Agreements with infants relating to personal property, such as executory or executed agreements for the sale, exchange, or purchase of such property or mortgages thereof, are voidable. Thus, an agreement by an infant for the purchase of a motor vehicle or for the sale or purchase of corporate stock, including an agreement with a corporation to subscribe for corporate stock, is voidable." 27 Am. Jur., § 29, p. 769. In Levine v. MallonOldsmobile Co., Inc., 127 N.J.L. 197 (Sup. Ct. 1941), Mr. Justice Parker stated:
"The law is of course clear that where a contract to purchase is by the infant alone, he may avoid it and recover back money paid on account, subject perhaps to a counterclaim for damages to or partial destruction of the property."
Defendant argues that the trial court erred in returning judgment for the plaintiff on the ground that plaintiff did not offer to make restitution or to compensate the defendant for the retention of the car. Defendant did not counterclaim against plaintiff for either the use of the automobile or its depreciation. Nor does the record disclose that the defendant offered any proof thereof. Defendant is precluded, therefore, from arguing this ground for a reversal.
Under the factual issue presented, and the applicable law, we reach the conclusion that the infant plaintiff could, if he chose to do so, disavow the contract in question and, having done so, he was entitled to recover the consideration he parted with.
The judgment below is affirmed, with costs. *Page 86