This is an appeal from an order of the Union County District Court denying appellant's application to set aside a judgment against defendant and in favor of plaintiff.
On November 5, 1946, appellant made personal application to respondent's credit manager, Mary Zack, to open a charge account. The appellant furnished credit data to the said credit manager, which data was incorporated in a printed application. The application contained the further provision that the applicant expressly represents that she is of full legal age, etc. The application was signed by Florence R. Nicolson, the appellant, and was witnessed by Mary Zack.
Between November 15, 1946, and November 27, 1946, there were charges to this account in the sum of $493.15. A credit *Page 414 
of $100 was made on January 8, 1947, leaving a balance of $393.15.
Suit was instituted against the appellant on March 22, 1947, and she was personally served with summons on that day. Appellant did not appear on the return day, March 28, 1947, and the case was marked "no appearance." On April 1, 1947, a judgment was entered in favor of respondent and against appellant. Subsequently, the appellant's salary was garnisheed with her employer.
On or about February 1, 1949, the court below reopened the judgment for the purpose of taking testimony as to whether the judgment should be set aside. The court permitted the entire case to be tried on the merits, and appointed one Stewart Cooley as guardian for the appellant.
Appellant asserted that she was an infant at the time the purchases were made, and that she did not recall being asked if she was of full age or of having read the provision concerning age in the application.
Mary Zack, the credit manager, testified that she asked appellant if she was of full age and received an affirmative reply. She also stated that she read the provision relating to age to the appellant and that appellant looked like she was of legal age.
At the conclusion of the hearing, the judge concluded that the appellant was estopped from setting up the plea of infancy. On February 16, 1949, an order was entered denying the application to reopen the judgment.
Appellant contends that the judgment should be reversed because a guardian was not appointed when the default judgment was entered.
Appellant further contends that the court erred in holding that the appellant was estopped to plead infancy.
Although the record indicates that no guardian was appointed when the default judgment was entered, it appears from the record that the judgment was reopened and a guardian appointed by the court below.
In La Bell v. Quasdorf, 116 N.J.L. 368 (Sup. Ct. 1936), the court stated. *Page 415 
"Where, as here, the court has jurisdiction of the subject-matter, and acquires jurisdiction of the person of the infant defendant by lawful personal service of process, the judgment rendered against the infant, without the appointment of a guardian ad litem to defend on his behalf, while it may be erroneous is not void. At the common law, jurisdiction of the person of an infant was acquired by due service of process upon the infant. Thus appellant, in virtue of the personal service of process, became a party to the action, and is bound by the court's judgment, even if tainted with error. The failure to make timely appointment of a guardian ad litem is, at most, error in fact merely; the appointment of such a representative is in no sense jurisdictional. The judgment stands until reversed on appeal, or vacated in a direct proceeding, and is not subject to collateral attack."
A motion to vacate a judgment is addressed to the sound discretion of the court, in the exercise of which considerations of justice and equity govern. And the exercise of a discretionary authority will not be reviewed unless it has been clearly abused.La Bell v. Quasdorf, supra.
In the instant case there was no abuse of discretion. The failure to appoint a guardian did not work an injury to the appellant. The court did subsequently appoint a guardian and she was represented by competent counsel.
Appellant further contends that the court below erred in holding that the infant was estopped to plead infancy.
That contracts of infants are voidable by them generally must be conceded. However, in a proper case, an infant may be estopped from asserting infancy as a defense.
In La Rosa v. Nichols, 92 N.J.L. 375 (E. A. 1918), the court said:
"It seems anomalous, indeed, that youths of sufficient age and capacity, although less than twenty-one years old, may be convicted of crime, and be held liable for their torts, and yet not be liable on their contracts when apparently of sufficient capacity to make them and when they procure their making by fraud."
In the instant case, it does not appear that the infant returned any of the articles purchased. There is ample, competent evidence in the record to indicate that the appellant misrepresented herself to be of full age and that she appeared to the credit manager to be an adult. *Page 416 
Under circumstances such as these, an infant will not be permitted to use as a sword her plea of infancy which in fact was given to her as a shield.
The appeal is dismissed with costs.