11 N.J. Super. 197 (1950)
78 A.2d 143
ALBERT SACCO, PLAINTIFF,
v.
GEORGE SCHALLUS, JR., BY HIS GUARDIAN AD LITEM, GEORGE SCHALLUS, SR., DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 15, 1950.
*198 Mr. John B. Baratta, attorney for plaintiff.
Mr. Edward V. Martino, attorney for defendant.
*199 HANEMAN, J.S.C.
This is a motion by the defendant to dismiss the action herein commenced because the complaint fails to state a claim against him upon which relief can be granted. The facts set forth in the complaint upon which relief is demanded are as follows:
In the latter part of December, 1948, the plaintiff and the defendant orally agreed to be partners in the business of buying and selling at retail groceries, meats, produce and provisions in a store to be erected on property the purchase of which the said parties then had in contemplation. Under the terms of the agreement the parties were obliged to contribute equal amounts of cash for the purchase of the real estate; the construction of a building to be erected thereon; the purchase of all necessary fixtures, equipment, merchandise and other requisites of said business. In addition, the said parties were to contribute services in connection with the construction of the building contemplated, for which they were to be compensated as follows  plaintiff at the rate of $2.50 per hour and defendant at the rate of 90c per hour, and their eventual respective capital interests in the partnership were to be predicated not only upon the actual cash contributed but upon the value of the services so rendered. The defendant was to keep a full, complete and accurate account of the business of the partnership. At the time the contract of partnership was entered into the defendant was 18 years of age and will not attain his majority until February 17, 1951. There is no allegation in the complaint that the defendant fraudulently misrepresented his age or that the plaintiff did not have knowledge at the time the agreement was entered into that the defendant was a minor. For all that appears in the said complaint, the plaintiff knew at the time the contract was entered into that the defendant was a minor. The liquid assets are presently of the value of approximately $500 and the debts approximately $1,000. The business has been conducted for some time past at a loss.
Plaintiff demands a dissolution of the partnership; contribution from the defendant for the monies he allegedly agreed to contribute and has failed to contribute; an assumption *200 of a share of the debts of the partnership; an ascertainment of the respective interests of the plaintiff and defendant in said partnership, and an accounting from the defendant.
The defendant has filed an answer and counterclaim in which he admits that there was an agreement of partnership entered into and that the parties were to contribute equally toward the purchase of real estate, construction of a building and the purchase of fixtures, equipment and merchandise. Defendant denies that he was to contribute additional capital, and that the furnishing of the actual labor for the construction of the building was to be paid for as plaintiff sets forth, but alleges that the plaintiff and defendant were to share the work on an equal basis and have an equal interest in the structure when completed. Defendant denies that he kept the books of the partnership.
By way of counterclaim, the defendant disavows the contract because of his infancy and seeks the recovery of the actual cash contributed by him to the partnership, and of the reasonable value of his services.
The gist of the defendant's motion is that in view of the fact that the plaintiff admits defendant's infancy, and in further view of the fact of defendant's disavowal of the contract, plaintiff is barred from any relief.
Plaintiff's argument in opposition thereto bases his right to relief upon the contention that the defendant, upon a disavowal of the contract, is required to put him in statu quo. Paraphrased, this can only mean that the infant cannot retain the benefits while disavowing the contract. By this argument, he contemplates that the defendant must make further contributions of cash allegedly not heretofore made in accordance with the terms of the contract, and that the defendant should share proportionately in the losses sustained in the operation of the business and have an interest in the assets of the business in such proportions as the court may find the agreement called for.
The question here involved, therefore, is whether the plaintiff is entitled, under the facts pleaded, to the relief demanded.
*201 It must, at the outset, be conceded that generally all contracts of infants are voidable. La Rosa v. Nichols, 92 N.J.L. 375, 105 A. 201 (E. & A. 1918); Levine v. Mallon Oldsmobile Co., Inc., 127 N.J.L. 197, 21 A.2d 852 (Sup. Ct. 1941); R.J. Goerke Co. v. Nicolson, 5 N.J. Super. 412, 69 A.2d 326 (App. Div. 1949); Carter v. Jays Motors, Inc., 3 N.J. Super. 82, 65 A.2d 628 (App. Div. 1949).
There is no requirement that a disavowal of a contract by an infant shall fill any prescribed form or ceremonial, and the filing of an answer by an infant disaffirming the contract is sufficient in and of itself to accomplish that result. Bankers Trust Co. v. Bank of Rockville, &c., 114 N.J. Eq. 391, 168 A. 733 (E. & A. 1933).
Generally, in connection with a purchase of a chattel, an infant may disaffirm or disavow his contract and recover back the money paid thereon, less proper offsets for diminution in the value of the chattel. As has sometimes also been stated, recovery by an infant cannot be had without a restoration to the other party of the consideration received, or an allowance from such recovery as compensation for the benefit conferred upon the infant seeking to void the contract. Levine v. Mallon Oldsmobile Co., Inc., supra; Reggiori v. Forbes, 128 N.J.L. 391, 26 A. 2d 145 (Sup. Ct. 1942); R.J. Goerke Co. v. Nicolson, supra.
An infant can, in a proper case, be estopped from a recovery. The infant will not be permitted to set up the privilege of his infancy arising because of his fraudulent conduct. La Rosa v. Nichols, supra; Reggiori v. Forbes, supra. There is present in the case sub judice, however, no allegation of any such conduct on the part of the infant as would serve to estop him from disavowing or disaffirming the contract.
It is to be noted that in all of the cases above cited where the infant was estopped from taking advantage of a disavowal or disaffirmance of the contract, or where the infant was obliged to place the adult who was a party to the contract in statu quo, the infant had entered into a contract of purchase. This is true with the exception of the case of Reggiori *202 v. Forbes, supra, which is distinguishable from the case sub judice.
There is no reason that the principle of disavowal involved in a contract of partnership should not be identical with the principles applicable in the case of any other contract. 27 Am. Jur. 771; 31 C.J. 1084; 43 C.J.S. 199.
The difficulty of the determination of the problem with which we are now faced, however, is the question of the infant's rights upon the disavowal of the partnership contract. There is no case in New Jersey in which this question has been determined. In foreign jurisdictions, however, there is no unanimity about an infant's right to recover his initial contribution upon a disavowal of the partnership contract. The foreign jurisdictions exhibit two schools of thought: (1) that the infant may recover such contributions, less the amounts received by him, and (2) that he cannot recover such contributions unless he was induced to enter into the contract through the fraudulent representations of the adult.
Although all of the reported cases are in accord that a contract of partnership is voidable at the instance of the infant, there is no reported authority for the principle that an adult partner can recover against said infant upon such avoidance for the executory features of the contract, i.e., promises to make future contributions or assume future liabilities. 58 A.L.R. 1368; 31 C.J. 1085; 43 C.J.S. 199; 27 Am. Jur. 771, 788.
Plaintiff relies heavily upon the following language in Reggiori v. Forbes, supra:
"Williston on Contracts (Rev. Ed.) 705, sec. 238, says: `Though the weight of authority still permits an infant vendee to recover the price paid merely upon offering to return the property, if any, remaining in his hands, without accounting to the vendor for its depreciation or use, there is an increasing number of jurisdictions which allow the vendor to deduct for such depreciation and use. In view of the general education and early sophistication of youth, when minors commonly transact a considerable volume of business on their own behalf, the latter view which rests upon the equitable basis that, if the contract is fair and reasonable, then the minor should not be permitted to overreach any more than the adult seems clearly the better.'
*203 "The adoption of such a rule would be in accord with the wise counsel of Lord Mansfield as quoted in Hall v. Butterfield, supra: `Great inconveniences must arise to others if infants were bound by no act. The law, therefore, at the same time that it protects their imbecility and indiscretion from injury through their own imprudence, enables them to do binding acts for their benefit. * * *. A third rule, deducible from the nature of the privilege that is given as a shield and not a sword, is, that it never shall be turned into an offensive weapon of fraud or injustice.'"
The most that can be said for the quoted language, as applicable to the present case, is that the defendant may be required to return the benefits received under the contract before he may be discharged from liability. The only benefit which the defendant here received were several payments of cash, which he has offered to credit upon any sum found due him.
The courts have been most zealous in protecting the estate of an infant. It would be entirely inconsistent to require a parent to be appointed a guardian, file bond before investing his minor child's funds and then to so invest only in designated securities, and by the same token permit an adult to receive the money for investment from the infant himself without let, hindrance or liability. Now, can we say that an infant may do on his own behalf, without any supervision, what the parent could not do without obtaining prior judicial authority?
To determine that the infant is to be held to his contract and required to place an adult in what it is here urged constitutes status quo would open the door to fraud and imposition upon the infant.
Courts have always been very vigilant to protect the infant from liabilities resulting from a "business" venture with an adult. As early as 1811, in Houston v. Cooper, 3 N.J.L. 431 (Sup. Ct. 1811), the court said as follows:
"That an infant undertakes to trade for himself does not cure the incapacity of his infancy. It is the real or supposed incapacity of mind in the infant, to make judicious contracts, that the law renders invalid his bargains, and the more contracts he makes the more danger of injury and ruin to himself, which the law is intended to guard against; * * *."
*204 The defendant admittedly contributed upwards of $3,600 in cash as his capital contribution, and is now faced with an investment in an allegedly insolvent business. The fact that the business venture was here unsuccessful is of no moment in connection with the determination of the applicable law, except that it demonstrates the dangers attendant upon any determination other than that an infant may disavow a partnership contract without being called upon either to make further contributions or to assume further liabilities.
It is of utmost importance that where an adult, knowing of the minority of an infant, enters into a business venture with him, that the infant be protected against imposition and from the errors of his own judgment arising because of his lack of experience. An adult so dealing with an infant must do so at his own risk. It is more important to protect the infant than to circumvent his disability by affirming his contract with the adult in the guise of placing the adult in statu quo. Therefore, in so far as the plaintiff here seeks the determination of his proportionate interest in the partnership and the recovery of both additional contributions toward the capital structure of the partnership and for the additional liability resulting from the operation of the partnership, plaintiff has no cause of action.
The plaintiff is, however, entitled to both a dissolution of the partnership and an accounting from defendant. It would be inequitable to permit the defendant to disavow the contract without accounting for his management of the business.
The motion will therefore be denied, in so far as the plaintiff's demand for a dissolution and accounting of defendant's operation of the partnership business are concerned, but will be granted in so far as the other relief which is demanded is concerned.
Judgment will be entered accordingly.