44 N.J. Super. 553 (1957)
131 A.2d 32
JOSEPHINE GARZA, AN INFANT BY JOSEPH GARZA, AS HER GUARDIAN AD LITEM, AND FRANK FINO, PLAINTIFFS-RESPONDENTS,
v.
NICHOLAS PAONE, BY SOLOMON GOLDMAN, AS HIS GUARDIAN AD LITEM, DEFENDANT-APPELLANT, AND STEPHEN JURCZAK, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued March 25, 1957.
Decided April 11, 1957.
*555 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Marvin A. Stern argued the cause for defendant-appellant (Mr. Joseph Persky, attorney).
Mr. Sol Hoberman argued the cause for plaintiffs-respondents.
The opinion of the court was delivered by CONFORD, J.A.D.
An action was brought November 23, 1951 by the plaintiff against the defendant Paone and one other person for negligence in the operation of a motor vehicle resulting in injury to the plaintiff while she was riding as a passenger on a motorcycle. There is a conflict as to how the accident happened, but it is immaterial for present purposes.
Paone was 18 1/2 years of age at the institution of the action. According to the sheriff's return of service, he was served by leaving a copy of the summons and complaint "with a member of his family over the age of fourteen years * * *." He claims, and there is no proof to controvert his contention, that he was not personally served. There was therefore a failure to obtain personal jurisdiction over this defendant, since the rule of court, then Rule *556 3:4-4 (now R.R. 4:4-4), required that service upon an infant be made by delivery of process to his parent or guardian or a competent member of his family and also to the infant himself if he is over the age of 14 years, as this defendant then was. It appears from the affidavits that after expiration of time for answer the defendant consulted an attorney (other than present counsel) about suit papers in this matter and that the lawyer explained his rights to him and inquired of plaintiff's counsel concerning an extention of time to file an answer but never was authorized by defendant to do anything further in connection with the matter. Defendant's sworn statement that he has no knowledge or information concerning the delivery of suit papers and that they were never called to his attention is obviously untrue.
On April 8, 1952 plaintiff's attorney filed an affidavit of default and a request to enter default. On June 9, 1952 notice of a motion for the appointment of a guardian ad litem for the defendant was served upon the father of the defendant at their home, but not upon defendant, as required by then Rule 3:17-2 (now R.R. 4:30-2). On June 20, 1952 an order was entered appointing Solomon Goldman, an attorney, to be guardian ad litem of the defendant. There is no competent evidence before us as to whether the guardian took any action in the performance of the duties of his guardianship. No affidavit from the guardian has been produced by either side. In any event there is no indication on the record that he appeared for the defendant.
On June 9, 1952 a notice of motion for the entry of judgment by default was served on the defendant's father, but not on the guardian ad litem. The attorney for the plaintiff says in an affidavit that he wrote to the guardian that he thought it advisable that the guardian should write to the defendant and his father "to determine what they intended to do with respect to the assessment of damages," but no copy of that letter is appended to the affidavit.
The case was tried, uncontested, before Judge Leyden and a jury on October 30, 1952, and a verdict was entered *557 in favor of one of the plaintiffs in the sum of $1,500 and of the other in the sum of $2,500, against both defendants. Judgment followed November 6, 1952.
In June 1956 a motion was filed by this defendant pursuant to R.R. 4:62-2 for an order setting aside the judgment and opening the default on the grounds of failure of proper service of summons and complaint, improper service of the notice of motion for the appointment of the guardian ad litem and the failure of the guardian ad litem to protect his interests, and reciting facts indicating the possession of a meritorious defense to the action by the defendant.
The motion was denied on the ground that the application was made too late. Hence this appeal.
The service purportedly made upon the infant defendant was defective because no copy of the summons and complaint was served upon him personally, as required by the rule. There was consequently no in personam jurisdiction against the defendant and the judgment is absolutely void and of no legal effect for any purpose (see Essanay Film Mfg. Co. v. Kane, 258 U.S. 358, 362, 42 S.Ct. 318, 66 L.Ed. 658 (1922)), whatever we may determine as to the merits of the present appeal. Driscoll v. Burlington-Bristol Bridge Company, 8 N.J. 433, 493 (1952); X-L Liquors, Inc., v. Taylor, 29 N.J. Super. 486, 490 (App. Div. 1954). However, it does not follow that defendant is therefore necessarily entitled to the specific form of relief from the judgment he sought below.
R.R. 4:62-2 governs the procedure for a motion to relieve a party from a final judgment and it provides that the motion "shall be made within a reasonable time" (and in certain instances not here applicable the motion must be made not more than one year after entry of the judgment). Among the grounds for relief under the rule is "(d) the judgment or order is void." Thus the mere fact that the judgment may be regarded as void for lack of personal jurisdiction will not automatically authorize a court to relieve a party from its operation on motion. He must make his motion within a reasonable time.
*558 The present rule of court supersedes the previous general rule that void judgments may be vacated at any time and that laches and estoppel will not sustain such a judgment. McLaughlin v. Cross, 68 N.J.L. 599 (Sup. Ct. 1902); Westfield Trust Co. v. Court of Common Pleas, 115 N.J.L. 86 (Sup. Ct. 1935), affirmed 116 N.J.L. 190, 191 (E. & A. 1936); 49 C.J.S., Judgments, § 288, p. 523. Determination of whether the application is made within a reasonable time, within the intendment of the present rule of court, rests in the sound discretion of the trial court, equitable principles constituting the guide. Shammas v. Shammas, 9 N.J. 321, 327, 328 (1952); Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27, 33 (App. Div. 1951). The time limitations of the rule express "the policy of terminating litigation within a reasonable time, which is essential to the proper administration of justice." Naglieri v. Trabattoni, 14 N.J. Super. 54, 57 (App. Div. 1951).
This application was made about four years after the entry of the judgment complained of. This is not a situation of excusable neglect. It is clear that the defendant knew that these proceedings were pending against him prior to judgment as he consulted with a lawyer about them and then failed to authorize him to do anything about defending the action. Moreover, he had reached his majority more than two years prior to making the present motion and it was conceded at the argument that he had discussed the matter with his present counsel and left the matter in abeyance a long time before moving to vacate. During all of this time he was being deprived of his motor vehicle driver's license because of his failure to satisfy the judgment, yet he did nothing. His affidavit leads to the plain inference that he finally moved to reopen the judgment only because he had especial need for a driving license in connection with his occupation. We are unable to conclude that his delay is reasonable, even viewed liberally. In the meantime his co-defendant has died, and this fact, together with the lapse of time since the accident, might very well preclude a fair retrial of the issues of liability *559 at this time. (Defendant has consented that the present action be deemed pending and his appearance therein noted if the judgment is opened.)
We are satisfied that defendant has deliberately waited for years to apply for relief against a long-known void judgment simply because it was not convenient for him to do so earlier, and that only the pinch of the need for a driving license has at last brought him to court. These are not circumstances of the kind which the rule of court envisages as an equitable basis for relief "within a reasonable time." The adverse exercise of discretion by the trial court ought not to be interfered with upon the present showing. La Bell v. Quasdorf, 116 N.J.L. 368, 373 (Sup. Ct. 1936).
The defect with respect to service of the application for the appointment of a guardian ad litem is less serious than the failure of proper service of process. This could but constitute "mere error," not lack of jurisdiction on the part of the court, and were this the sole ground for relief from the judgment it would be incumbent upon the defendant to establish that he was prejudiced in his defense by the failure of proper notice of the application for a guardian. La Bell v. Quasdorf, supra; R.J. Goerke Co. v. Nicolson, 5 N.J. Super. 412 (App. Div. 1949).
Defendant makes a separate point of the fact that the guardian had not appeared in the action when final judgment was entered, citing the direction in R.R. 4:56-2 that "no judgment by default shall be entered against an infant * * * unless he is represented in the action by a guardian or guardian ad litem who has appeared therein" (Emphasis supplied). Quaere, whether a duly appointed guardian ad litem can block the entry of judgment by default indefinitely by the simple expedient of failing to enter an appearance? We need not answer that question here as we are clear that, in the absence of prejudice, a violation of the rule in its literal import would not weigh more heavily against the validity of the judgment than total failure to appoint a guardian ad litem. Even in such a case prejudice must be shown, La Bell v. Quasdorf, supra.
*560 Neither the improper service of the application nor the failure of the guardian ad litem to appear in the action or to do anything affirmative on defendant's behalf is shown to have been prejudicial. See 43 C.J.S., Infants, § 111, p. 301. The defendant himself had consulted with counsel about that time and had decided, apparently, not to retain any one for his defense. The guardian ad litem would have been under no obligation personally to incur the expense of an attorney without provision for meeting the expense by the infant or some one on his behalf. Cf. In re Rothenberg, 136 N.J. Eq. 530, 537 (Ch. 1945). Moreover, there is a lack of candor in the moving affidavit as to this subject. Defendant fails to state whether or not the guardian ad litem discussed the matter with him. In the absence of such information we would be loath to believe a member of the bar appointed in such a capacity would not at least do that much. Upon an application of this kind, where defendant seeks discretionary relief from an assertedly unjust imposition upon equitable principles, he owes the court the reciprocal obligation of full and frank disclosure of every circumstance bearing upon the merits of his position. This applicant has been both untruthful and evasive.
In any event, there remains no reasonably timely application for relief from the judgment and this is dispositive under the rule. The defendant has long known of all the circumstances pertaining to the guardianship without taking any action.
Affirmed.
FREUND, J.A.D. (dissenting).
I am constrained to dissent from the view of the majority.
Although the majority find that there was no jurisdiction in personam over the infant defendant, Nicholas Paone, and, hence, that the judgment is absolutely void, they, nevertheless, hold it to be sheltered from attack by the provision in R.R. 4:62-2 which requires that a motion to set aside a void judgment be made within "a reasonable time."
*561 It is not disputed that Paone, an infant over 14 years of age at the time the suit was instituted against him, was not personally served with a copy of the summons and complaint as required by Rule 3:4-4(b), now R.R. 4:4-4(b). Vide 2 Schnitzer and Wildstein, N.J. Rules Service, Anno.; Service upon Infants, A IV-53. The nullifying effect of such a deficiency in service is not in dispute. Speaking for a unanimous court, in Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 493 (1952), certiorari denied 344 U.S. 838, 73 S.Ct. 25, 97 L.Ed. 652 (1952), Chief Justice Vanderbilt stated that "The requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with. Any defects such as here present are fatal and leave the court without jurisdiction and its judgment void." Cf. Restatement, Judgments, § 8, Comment (b), p. 46 (1942).
It is well to stress that while the present judgment does not state that effective service upon the defendant was made, it does state him to be an infant. The record is not silent on the question of service for the sheriff's return of service states that "a member of his family [his father] * * *" was served. Accordingly, the invalidity of the judgment clearly appears upon the face of the record. A judgment invalid on its face has consistently been held by our courts to be a nullity, "a blur on the record," and utterly void, not merely voidable. Westfield Trust Co. v. Court of Common Pleas, 115 N.J.L. 86 (Sup. Ct. 1935), affirmed 116 N.J.L. 190, 191 (E. & A. 1936); Gloucester City Trust Co. v. Goodfellow, 121 N.J.L. 546 (E. & A. 1939); Collyer v. McDonald, 123 N.J.L. 547 (Sup. Ct. 1940). It is said that "if a judgment record proclaims its own invalidity, it must be denied effect everywhere, and it is of little or no consequence whether it is formally set aside or not." 1 Freeman on Judgments (5th ed. 1925) § 228, p. 448; 49 C.J.S., Judgments, § 267, p. 482; cf. Restatement, Judgments (1942), § 11, p. 65. The majority concede the foregoing for their opinion states that the *562 judgment is "of no legal effect for any purpose." Yet they deny its vacation.
Nor is there any disagreement that it has heretofore been the law of this State that laches and estoppel are no defense to a motion to vacate a judgment invalid on its face. A void judgment may be vacated at any time. Westfield Trust Co. v. Court of Common Pleas, supra; see 49 C.J.S., Judgments, § 288, p. 523; § 333, p. 608. To what extent the practice has been modified by R.R. 4:62-2 with its requirement of a "reasonable time" is the question upon which I disagree with the majority. Can it be said that, except in the most extreme circumstances, a court may now find delay sufficient to breathe life into a void judgment? I think not. The rule as it applies to vacating a void judgment is flexible,  no fixed time being set. See Shammas v. Shammas, 9 N.J. 321, 327 (1952). In determining what constitutes a reasonable time under the cited rule, the nature of the relief sought must be balanced against the equities favoring the party who procured the judgment, or innocent parties who have acquired property rights in reliance upon its validity. The time here was approximately four years, during two of which the defendant Paone was still an infant. No property right of either the plaintiff or third parties is shown to have been acquired on the strength of it. The plaintiff, in fact, has shown no change in position made in reliance upon the judgment, nor any attempt to collect the judgment since its entry on November 6, 1952. The sole change referred to by the majority is the death of a co-defendant who most likely would have been a witness for the defendant, and hence his loss bears no prejudice to the plaintiff on the merits. Parenthetically, it should be noted that this witness died shortly after the accident, so that apparently he would not have been available even in the prior suit. Thus, this is not a situation where the loss of the only witness was caused by delay. Accordingly, even if it be assumed that enforcement of the judgment entered without jurisdiction over the infant defendant is consonant or reconcilable with our principles of jurisprudence, the *563 equities do not so preponderate in plaintiff's favor as to preclude relief to the defendant. Equity is ill-served by ruling impregnable a void judgment obtained against an infant, thereby precluding a hearing on the merits.
Nor can it be overlooked that the situation was knowingly created by the plaintiff. While he may not have known defendant's age when suit was instituted, he later learned of it for he then sought the appointment of a guardian. However, even then he made no effort to effect proper service. Instead, be proceeded to take a default judgment, but, as the majority opinion points out, he failed both to serve upon the infant defendant notice of motion to appoint a guardian as required by Rule 3:17-2(c), now R.R. 4:30-2(c), and to serve the guardian with notice of motion for entry of a default judgment. He obtained the judgment without any appearance having been made for the infant by his appointed guardian as required by Rule 3:55-2(b), now R.R. 4:56-2(b). Enforcement of a judgment obtained under such conditions would encourage disregard not only of the court-prescribed service requirements, which the Supreme Court in Driscoll v. Burlington-Bristol Bridge Co., supra, directed be strictly observed, but of the other above-mentioned rules which were adopted for the protection of the interests of infants.
The facts here disclose not only that default judgment was entered against the infant defendant without the appearance of a guardian, but, more important, that the defendant was never personally served. Accordingly, I express no opinion as to whether the failure to appear would of itself constitute grounds either to reopen or vacate the judgment. See R.J. Goerke v. Nicholson, 5 N.J. Super. 412 (App. Div. 1949).
The ruling on a motion to set aside a judgment is generally said to be within the sound discretion of the trial court. Shammas v. Shammas, supra, 9 N.J., at page 328. With this I agree, but here the exercise of the trial court's discretion was based upon a mistaken belief that the statute of limitation would deprive the plaintiff of his right of *564 action. Were this the case, a finding that the defendant's motion was not made within a "reasonable time" would perhaps be warranted. But when a judgment is vacated, the complaint and all subsequent pleadings remain in full force and effect; it is as though the judgment had never been entered. 1 Freeman on Judgments, supra, § 302, p. 594. Here, the plaintiff, within the period prescribed by the statute of limitations, filed his complaint commencing this action, R.R. 4:3-1. The action is neither discontinued nor abated by vacation of the judgment; it remains subject to further proceeding. Moreover, the plaintiff is not limited to proceeding with the action initially filed, but may by express statutory provision file "a new action within one year next" after the judgment is vacated, N.J.S. 2A:14-28. Thus, the running of the statute of limitations cannot justify refusal to vacate the judgment.
The majority opinion stresses "the policy of terminating litigation within a reasonable time," but I cannot agree that under the circumstances of this case "reasonable time" should be construed so as to terminate litigation involving a judgment void on its face, particularly where, as here, the court never acquired jurisdiction over the defendant. See 31 Am. Jur., Judgments, §§ 576-577, pp. 175-177.
For the reasons herein expressed I would vacate the default judgment.