98 N.J. Super. 163 (1967)
236 A.2d 407
MANASQUAN SAVINGS AND LOAN ASSOCIATION, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
LYNN S. MAYER (PRESENTLY KNOWN AS LYNN STONE) (OTHER DEFENDANTS NAMED IN ORIGINAL COMPLAINT ARE NOT APPELLANTS HEREIN), DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 20, 1967.
Decided December 8, 1967.
*164 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Arnold B. Levin for appellant (Messrs. Pappa, Yaccarino & Widman, attorneys).
Mr. Owen B. Pearce for respondent (Messrs. Pearce and Pearce, attorneys).
PER CURIAM.
Plaintiff loaned defendant and her husband $22,000 on a real estate mortgage to build a home, on the strength of her affidavit of title reciting in three places that she was of age. In fact she was 19. Thereafter she and her husband separated, abandoned the property and defaulted on the mortgage payments. In the subsequent foreclosure defendant counterclaimed, asserting her infancy and the consequent alleged invalidity of her execution of the mortgage, and demanding return by plaintiff of personal funds used by her in making mortgage payments and improving the premises.
The trial court held for plaintiff because of defendant's misrepresentation of her age. By clear implication the court found reliance on the misrepresentation, and the finding is supported by the evidence. We affirm.
Infancy is no defense to an action to recover money advanced to an infant on the basis of his misrepresentation of majority reasonably relied upon by the lender. Pemberton Building and Loan Asso. v. Adams, 53 N.J. Eq. 258 (Ch. 1895); LaRosa v. Nichols, 92 N.J.L. 375, 377. (E. & A. 1918). Defendant here tenders her entire interest in the real estate to plaintiff for a return of her advances. But the difficulty *165 is that plaintiff cannot be made whole, as it is entitled to be, without foreclosing the mortgage because there is a judgment lien affecting the property as well as the interest of defendant's husband, both of which must be cut off by a foreclosure sale. Plaintiff is entitled to complete its foreclosure free of any claim of defendant except as she may have an interest in surplus funds.[1]
Judgment affirmed.
NOTES
[1] See L. 1967, c. 139, effective July 5, 1967, pursuant to which infancy no longer invalidates a mortgage or deed made by an adult married person in conjunction with a minor spouse 17 years of age or older. This act does not affect the instant case.