113 N.J. Super. 240 (1971)
273 A.2d 408
VERNON BOYCE, PLAINTIFF,
v.
EDITH DOYLE AND EDWARD J. MARCH, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 25, 1971.
*241 Mr. Mark L. Stanton for plaintiff (Messrs. Stanton & Recht, attorneys).
Mr. Philip J. Maiorca for defendant Edith Doyle (Mr. Henry O. Habick, attorney).
Mr. James D. Butler for defendant Edward J. March.
OSBORNE, J.S.C.
This is a motion for summary judgment on defendant March's counterclaim against the plaintiff Boyce. The narrow legal issue to be resolved is whether an infant who has disaffirmed a release executed during his minority must return the consideration he received, where that consideration consisted of money now dissipated.
On July 26, 1967, when plaintiff was 19 years old, he was injured while a passenger on a motorcycle driven by defendant March which collided with an automobile driven by defendant Doyle. On August 2, 1967 plaintiff, who was then self-supporting, executed a release in favor of March in consideration of payment of $450. On November 6, 1967 he instituted suit. The case proceeded to trial as to liability only in January 1971 and the jury returned a verdict in favor of plaintiff against defendant Doyle, but against plaintiff in favor of defendant March. Defendant March now seeks entry of judgment on a counterclaim against plaintiff in the amount of $450, the consideration given for the execution of the release by plaintiff.
There can be no doubt but that contracts not of necessity may be voided by an infant either before or a reasonable time after he obtains his majority. R.J. Goerke Co. *242 v. Nicolson, 5 N.J. Super. 412 (App. Div. 1949); Carter v. Jays Motors, Inc., 3 N.J. Super. 82 (App. Div. 1949); Sacco v. Schallus, 11 N.J. Super. 197, 201 (Ch. Div. 1950). But see Bancredit, Inc. v. Bethea, 65 N.J. Super. 538 (App. Div. 1961) (an automobile may be a "necessity" to an infant and thereby bind him to a contract). Thus the institution of suit while plaintiff was still a minor and the continuous prosecution of the case, culminating in a trial more than three years later, operated as a recission of the release executed while plaintiff was an infant.
Now, however, after plaintiff has rescinded his release, proceeded to trial and lost on the merits as to defendant March, he asserts that he is not obligated to restore to the other party the consideration he received. In effect, plaintiff asserts that he was entitled to a conditional recission of the release, having advised the court that if he won on the merits he would rescind his release, but if he lost on the merits he would be entitled to affirm that same release. Under these facts this position is untenable, particularly in view of the fact that, having recovered a judgment as to liability against defendant Doyle, plaintiff is now assured of some compensation for the very injuries for which he accepted the consideration for the release.
The court recognizes that the majority rule followed in most jurisdictions is that an infant is not obligated to return the consideration received by him where, during his minority and before disaffirmance, he has wasted, squandered, destroyed, used or otherwise disposed of such consideration. Nor is the infant liable, in such a case, to return the equivalent of the consideration or otherwise to account for its value. 42 Am. Jur.2d, Infants, § 101. However, the soundness of this rule has come under increasing attack. See e.g., Porter v. Wilson, 106 N.H. 270, 209 A.2d 730, 13 A.L.R.3d 1247, 1249 (Sup. Ct. 1965).
It appears that New Jersey follows the minority rule that an infant must restore the other party to the status quo to the extent of the benefits the infant has received, if the *243 other party is free from fraud or bad faith. Cf., Pemberton B. & L. Ass'n v. Adams, 53 N.J. Eq. 258 (Ch. 1895).
The court in Pemberton would not permit the infant defendant to rescind a mortgage commitment without returning the money he had received.
[The infant], after coming of age, retained the possession of this property, and claimed and enjoyed all the benefits of a conveyance thereof, and now raises this defense of infancy without offering to return the consideration money. Under these circumstances his liability continues even though there has been no fraud. [at 259]
The infant in Pemberton had purchased property with the money borrowed from a bank, and to that extent the case is distinguishable in that he had not completely squandered the proceeds prior to obtaining his majority. The consideration for the release in the present instance is not so easily traceable.
Subsequent New Jersey decisions have embraced the philosophy enunciated in Pemberton. In Carter v. Jays Motors, Inc., 3 N.J. Super. 82 (App. Div. 1949), defendant urged reversal of a judgment entered against him on the grounds that the infant involved had not made restitution of an automobile. While the court found against defendant because of his failure to counterclaim for the automobile, it quoted approvingly from Levine v. Mallon Oldsmobile Co., Inc., 127 N.J.L. 197 (Sup. Ct. 1941) (dictum):
The law is of course clear that where a contract to purchase is by the infant alone, he may avoid it and recover back money paid on account, subject perhaps to a counterclaim for damages to or partial destruction of the property. [at 198]
In R.J. Goerke Co. v. Nicolson, 5 N.J. Super. 412 (App. Div. 1949), the infant defendant had opened a charge account and made purchases but misrepresented her age, stating that she had obtained her majority. The infant had not returned the articles purchased and the court estopped her from asserting infancy as a defense, reasoning that "an infant *244 will not be permitted to use as a sword her plea of infancy which in fact was given to her as a shield." (At 416)
Finally, in Sacco v. Schallus, 11 N.J. Super. 197 (Ch. Div. 1950), the court extended the proposition to its logical conclusion. In reaching a determination that an adult dealing with an infant was entitled to dissolve a partnership and to an accounting, but was not entitled to recover additional contributions to the capital structure, the court broadly stated that:
* * * [R]ecovery by an infant cannot be had without a restoration to the other party of the consideration received, or an allowance from such recovery as compensation for the benefit conferred upon the infant seeking to void the contract. [at 201]
This language is apposite to the present circumstances. Though there has been no evidence of fraud or misrepresentation on the part of plaintiff, and while the proceeds cannot directly be traced, he received a benefit of immediate consequence upon signing the release. The court has permitted the infant to utilize the shield and rescind his release, but will not permit him offensively to assert his right to retain the consideration for that release now that he has elected to rescind and has recovered a judgment against the co-defendant. This I consider to be the thrust of the decisions in this State as well as the better rule.
Defendant March's motion for summary judgment on the counterclaim is granted. Counsel has also asked for interest from the time of plaintiff's release to the present. Under the circumstances that part of defendant's motion is denied.