**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0793-23

PINNACLE FEDERAL
CREDIT UNION,

    Plaintiff-Respondent,

v.

AARON CHANDLER,

    Defendant-Appellant.

_____

        Submitted March 4, 2025 – Decided April 28, 2025

        Before Judges Gilson, Bishop-Thompson, and Augostini.

        On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3482-14.

        Aaron Chandler, appellant pro se.

        McKenna, DuPont, Stone & Washburne, attorneys for respondent (Edward J. McKenna, Jr., on the brief).

PER CURIAM

This appeal arises out of a lender's efforts to collect on an unpaid home equity loan made in 2005. Plaintiff Pinnacle Federal Credit Union alleges that defendant Aaron Chandler borrowed over $30,000 and stopped paying the monthly installments on the loan sometime in or before 2014. In June 2014, plaintiff filed a complaint against defendant. When defendant did not respond, plaintiff moved for a default judgment, claiming that defendant had been personally served with the complaint and summons by a sheriff's officer in July 2014. Based on that representation of service, a final judgment of default for $32,842.22 was entered on June 23, 2015.

Eight years later, in September 2023, defendant moved to vacate the default judgment, contending that he was never served with the complaint and he only learned of the default judgment in August 2023. Defendant appeals from an October 10, 2023 order denying his motion to vacate the default judgment. Because there are material issues of disputed facts concerning whether defendant was personally served with the complaint, we vacate the October 10, 2023 order denying defendant's motion and remand this matter for further proceedings, including, if necessary, an evidentiary hearing to determine whether defendant was personally served in July 2014.

A-0793-23

I.

The record on this appeal is limited. The record includes: (1) copies of the original loan documents; (2) the complaint filed on June 5, 2014; (3) the final judgment by default filed on June 23, 2015; and (4) the papers filed in support of and in opposition to the 2023 motion to vacate the default judgment, including certifications filed by plaintiff's counsel and defendant.

We summarize the relevant facts from that record. On May 28, 2005, defendant and his wife, Antoinette Chandler, signed a home equity loan with plaintiff, allowing them to borrow up to $45,000. To secure the repayment of any monies borrowed, defendant provided plaintiff with a mortgage on a home located at 62 Lincoln Avenue, Carteret, New Jersey.

On June 5, 2014, plaintiff filed a complaint against defendant, alleging that defendant had borrowed over $30,000 and, thereafter, had defaulted and had not repaid the loan. Plaintiff asserted that defendant owed it "$30,387.52 together with accrued interest of $263.08 plus accruing interest."

In 2015, plaintiff moved for a default judgment and submitted an affidavit of service from a sheriff's officer that certified that defendant had been "[s]erved [s]uccessfully" with a copy of the complaint and summons on July 24, 2014. Counsel for plaintiff also submitted a certification from an employee of its firm.

3

In that certification, the employee stated that on June 18, 2015, a copy of the request for the entry of default had been mailed to defendant "by ordinary mail" to "Aaron Chandler, 7219 Emily Lane, Carteret, New Jersey 07008." The record does not explain what happened to the mortgaged property located at 62 Lincoln Avenue, nor does it explain when defendant moved to 7219 Emily Lane.

On June 23, 2015, a final judgment by default was entered. The judgment stated that defendant was to pay plaintiff "$32,842.22, together with post[-]judgment interest as provided by [Rule] 4:42-11 and court costs."

Counsel for plaintiff has certified that "[o]n or about August 14, 2023, plaintiff obtained a new address for defendant and mailed to defendant another [i]nformation [s]ubpoena." That information subpoena was sent to defendant at an address in Aurora, Colorado.

In September 2023, defendant moved to vacate the 2015 final judgment by default. In his supporting certification, defendant represented that he first learned of the default judgment in August 2023, when he was served with the information subpoena. He also certified that "[he] was not personally served [with] any complaint or summons [at] his 'usual place of abode,' according to [Rule] 4:4-3(a)."

A-0793-23

In opposition to defendant's motion to vacate, plaintiff's counsel submitted a certification stating that defendant had been personally served with the complaint in July 2014. Counsel attached an affidavit of service, prepared by a sheriff's officer, that had an "X" in a box stating that defendant had been "[s]erved [s]uccessfully" with the complaint on July 24, 2014 at 7219 Emily Lane, Carteret, New Jersey 07008.

In reply, defendant filed a certification disputing plaintiff's claim of successful personal service. Defendant certified that he had obtained a copy of the affidavit of service submitted to the court in 2014. He attached a copy of that affidavit of service, which had a check mark next to the box stating, "[u]nable to [s]erve." Defendant alleged that plaintiff's counsel had knowingly tampered with the affidavit of service by "removing the check mark on [the first affidavit], next to '[u]nable to [s]erve'" and replacing it with a check mark next to the "'[s]erved [s]uccessfully' check box." Accordingly, defendant contended that his due process rights had been violated because he had not been properly served with the complaint in 2014. Defendant also argued that he should be granted summary judgment because the statute of limitations had now run on plaintiff's claim.

A-0793-23

Plaintiff's counsel responded by submitting two additional certifications. In the first certification, counsel represented that their files only had a copy of the affidavit of service stating that defendant had been successfully served on July 24, 2014. Plaintiff's counsel also certified: "Further review of my file shows that all mailings sent to the defendant at the service address of 7219 Emily Lane, Carteret, New Jersey 07008 were received. Certified mailings were returned 'unclaimed' and there is no record of a regular mailing being returned as undeliverable." Plaintiff's counsel did not attach the documents supporting that assertion.

In the second certification, a different attorney for plaintiff represented that he had contacted the Middlesex County Sheriff's Office to find out what the sheriff's office records reflected. Counsel was informed by a Sherriff's Office representative that the complaint was "unserved." The Sheriff's Office also informed plaintiff's counsel that the officer who had prepared the affidavit of service in 2014 had retired. The following day, another representative of the Sherriff's Office stated that its "records had been destroyed" and that the Sheriff's Office no longer had a copy of the affidavit of service.

On October 10, 2023, the trial court issued an order denying defendant's motion to vacate the default judgment. The trial court also issued a short, written

6

statement of reasons explaining why it was denying defendant's motion. The trial court explained that it had considered the certifications submitted in support of and in opposition to the motion to vacate the default judgment. The court did not, however, conduct a plenary hearing to resolve the issues of the conflicting certifications. Instead, the trial court analyzed the motion under Rule 4:50-1 and concluded that defendant had not shown sufficient excusable neglect in failing to answer the complaint. In reaching that conclusion, the trial court accepted plaintiff's counsel's assertion that defendant had been personally served with the complaint at 7219 Emily Lane, Carteret. In doing so, the trial court relied on the affidavit of service submitted by plaintiff. The trial court also noted that subsequent mailings sent to defendant at the 7219 Emily Lane address "were returned as unclaimed and not as undelivered." The trial court then drew an "inference" that "[d]efendant received the notices as mailed to him and ignored them."

Defendant now appeals from the October 10, 2023 order denying his motion to vacate the final judgment by default.

## II.

On appeal, defendant, who is representing himself, makes five arguments. He contends that the trial court erred (1) in not voiding the judgment because

7

there was no proof of service of the complaint; (2) not voiding the judgment because there was no personal jurisdiction over him because he was not properly served; (3) not dismissing the complaint or voiding the judgment because his due process rights had been violated; and (4) not relieving him from the judgment because of misrepresentations made by plaintiff's counsel. In addition, in his fifth argument, defendant contends that the trial court demonstrated bias against him by accepting plaintiff's disputed evidence without considering his objections to that evidence.

Defendant's arguments concerning the alleged violation of his due process rights and bias by the trial court were not raised before the trial court. Moreover, neither the record nor the law supports those arguments. Accordingly, we reject those arguments.

Defendant's remaining arguments focus on the question of whether plaintiff established that defendant had been personally served with the complaint in July 2014. Because the record does not prove that defendant had been personally served, we vacate the October 10, 2023 order and remand this matter for further proceedings.

It is well-established that trial courts should construe liberally applications to vacate default judgments, Romero v. Gold Star Distrib., LLC,

468 N.J. Super. 274, 294 (App. Div. 2021), and tolerate "every reasonable ground for indulgence," so that cases may be decided on their merits, Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964) (citing Foster v. New Albany Mach. & Tool Co., 63 N.J. Super. 262, 269-70 (App. Div. 1960)). Accordingly, "[a]ll doubts" should be resolved "in favor of the part[y] seeking relief." BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021) (alterations in original) (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)).

This requisite liberality, however, should be administered in accordance with Rule 4:50-1. See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). That rule is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Ibid. (quoting Mancini, 132 N.J. at 334) (internal quotation marks omitted). Rule 4:50-1 identifies six grounds under which a court can relieve a party from a final default judgment, including if "the judgment or order is void." R. 4:50-1(d).

It is also well-settled that if service of process is not properly made then the ensuing judgment is "void." M & D Assocs. v. Mandara, 366 N.J. Super. 341, 352-53 (App. Div. 2004); Jameson v. Great Atl. & Pac. Tea Co., 363 N.J.

A-0793-23

Super. 419, 425 (App. Div. 2003).  In other words, proper service of the complaint is an essential element to achieving a just outcome.  See Romero, 468 N.J. Super. at 300.  In that regard, the United States Supreme Court has held that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them [the] opportunity to present their objections."  Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950).  Consequently, when service of a summons and complaint has not been made on the defendant, any subsequent judgment rendered is "absolutely void and [has] no legal effect for any purpose."  Romero, 468 N.J. Super. at 300 (quoting Garza v. Paone, 44 N.J. Super. 553, 557 (App. Div. 1957)).  So, when a plaintiff cannot demonstrate that a defendant has been personally served with the summons and complaint, and that defective service constitutes a denial of due process, any resulting default judgment rendered may be void for lack of proof of service.  See Rosa v. Araujo, 260 N.J. Super. 458, 462 (App. Div. 1992).

In this matter, plaintiff relies solely on personal service of the complaint and summons.  Plaintiff never provided proofs that it attempted to make service by "registered or certified" mail, which is effective only "[i]f it appears by

affidavit satisfying the requirements of [Rule] 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made." R. 4:4-4(b)(1).

Plaintiff's proof of personal service of defendant is disputed in the current record. There are two different affidavits of service from the same sheriff's officer. One is marked as "[s]erved [s]uccessfully" and the other is marked as "[u]nable to [s]erve." Plaintiff's counsel appropriately sought clarification directly from the Middlesex County Sheriff's Office, but the information counsel received does not establish that defendant was successfully served with the summons and complaint on July 24, 2014. Indeed, the Sheriff's Office's records apparently reflect that the complaint was not served.

Moreover, the current record does not establish that defendant had notice of the action or the default judgment in 2014 or 2015 based on other mailings sent to defendant. While plaintiff's counsel states that there were documents sent to defendant, the record does not contain the proofs of how those mailings were sent and whether they were received or presumed to have been received. See R. 1:5-3. Furthermore, it is not clear in the current record that mailings of the other documents would substitute for the lack of service of the complaint, if, in fact, the complaint was not personally served on defendant. R. 4:4-4(b)(1)

11

(requiring that diligent effort and inquiry be made to effect personal service on a party before proceeding with service by mail).

Accordingly, we vacate the October 10, 2023 order denying defendant's motion to vacate the final judgment by default. We remand with instructions that the trial court conduct a plenary hearing to establish whether defendant was personally served. Following that decision, the parties can proceed accordingly.

Reversed, vacated, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0793-23