**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0908-23

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as TRUSTEE
for FIRST FRANKLIN MORTGAGE
LOAN TRUST 2006-FF13,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FF13,

     Plaintiff-Respondent,

v.

NATHAN NELSON,

     Defendant-Appellant,

and

MAUREEN NELSON, Husband and
Wife, STATE OF NEW JERSEY, and
UNITED STATES OF AMERICA,

     Defendants.

_____

Submitted December 3, 2024 – Decided January 21, 2025

Before Judges Chase and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-021318-18.

Nathan Nelson, appellant pro se.

Hinshaw & Culbertson LLP, attorneys for respondent (Robert D. Bailey and Ben Z. Raindorf, on the brief).

PER CURIAM

Defendant Nathan Nelson appeals from an October 20, 2023 trial court order denying his motion to vacate the final judgment entered in favor of plaintiff Deutsche Bank Trust Company, as Trustee of First Franklin Mortgage Loan Trust. Based on our thorough review of the record and prevailing law, we affirm.

I.

We derive the following facts from the record. In 2006, defendant executed a note with First Franklin Mortgage Loan Trust (First Franklin) securing a loan of $345,000 extended to him for the purchase of a residential property in Hillside. On May 9, 2007, the note was assigned to plaintiff as trustee by Mortgage Electronic Registration Systems, Inc., as nominee for First Franklin.

In March 2017, defendant executed a Home Affordable Modification Agreement. Notwithstanding the modification, defendant defaulted on the

loan and the entire amount due on the loan was accelerated, under the terms of the parties' agreement.

Defendant failed to cure the default. Thus, on October 23, 2018, plaintiff filed a foreclosure complaint which was subsequently amended to include federal tax liens. When defendant did not answer or otherwise appear, plaintiff caused default to be entered. A year later, plaintiff filed a motion for final default judgment. On February 26, 2020, the trial court entered final judgment against defendant for the sum of $822,063.76 in principal and interest, permitting the mortgaged premises to be sold at a sheriff's sale.

Over three and a half years after entry of final judgment, and on the eve of the scheduled sheriff's sale, defendant filed a motion to vacate the final judgment and entry of default. Defendant argued plaintiff filed its complaint without providing him with a Notice of Intention to Foreclose (NOI) as required under the terms of the mortgage and that plaintiff failed to properly serve the Notice to Cure (NTC).

The trial court entered an order accompanied by a written opinion denying defendant's motion in its entirety, finding defendant did not file his motion to vacate within a reasonable time as required by Rule 4:50-2. The trial court stated, "[f]inal [j]udgment was granted on February 26, 2020, so

A-0908-23

[defendant has] had over three and a half years to raise concerns regarding the [NOI]. Moreover, [defendant was] put on notice of this foreclosure action, as [he was] timely served with the Complaint and Summons." The trial court determined defendant failed to demonstrate a basis for vacating the final judgment and denied his motion.

This appeal followed.

## II.

Defendant argues the trial court erred and abused its discretion by not vacating the final default judgment and the entry of default under Rule 4:50-1(d) because plaintiff's NOI did not comply with the notice requirements under the Fair Foreclosure Act, N.J.S.A. 2A:50-58(a). Defendant further argues plaintiff did not properly serve the NTC. We are unconvinced and affirm.

"We review a motion under Rule 4:50-1 to vacate final judgment under an abuse of discretion standard." 257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 366 (App. Div. 2023), petition for certif. granted, 256 N.J. 535 (2024) (citing U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). "Although the ordinary abuse of discretion standard defies precise definition, it arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible

basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks omitted). "[A] functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue." Ibid.

"The decision whether to vacate a judgment . . . is a determination left to the sound discretion of the trial court, guided by principles of equity." F.B. v. A.L.G., 176 N.J. 201, 207 (2003). "The trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Guillaume, 209 N.J. at 467.

Under Rule 4:50-1(d), a party may seek to vacate a default judgment by demonstrating "the judgment or order is void." Motions pursuant to Rule 4:50-1(d) "shall be made within a reasonable time, . . . after the judgment, order or proceeding was entered or taken." R. 4:50-2.

The trial court properly considered the length of time between entry of the default judgment and the filing of a motion to vacate in determining whether to grant relief. Reg'l Constr. Corp. v. Ray, 364 N.J. Super. 534, 541 (App. Div. 2003). "The rule[s are] designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case."

5

Guillaume, 209 N.J. at 467 (internal quotation marks omitted). "We have explained that a reasonable time is determined based upon the totality of the circumstances . . . ." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). The judge "has the discretion to consider the circumstances of each case . . . ." Ibid.

Applying well-established principles to this matter, we are satisfied the trial court did not abuse its discretion in concluding defendant's motion was not filed within a reasonable time after entry of the final default judgment. Defendant's motion to vacate was filed over three-and-a-half years after final default judgment was entered. Defendant does not challenge plaintiff's service of the summons and complaint, nor does he explain why he failed to answer or otherwise defend this case throughout the litigation—until he filed a motion to vacate the final default judgment. Defendant proffers no explanation for failing to file the motion until 2023. Thus, defendant has not presented any factual predicate to establish the delay in filing the motion was reasonable. See Garza v. Paone, 44 N.J. Super. 553, 558 (App. Div. 1957) (concluding the defendant's nearly four-year delay in filing a motion to vacate was not reasonable); Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div. 2011) (stating a "reasonable time . . . in some circumstances[] may be less than one year from

6

entry of the order in question").  Absent this required showing, we see no basis to disturb the October 20, 2023 order.

To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION