**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2924-23

LVNV FUNDING LLC, as assignee
to CREDIT ONE BANK, N.A.,

    Plaintiff-Respondent,

v.

SCOTT DIANA,

    Defendant-Appellant.

_____

          Argued March 25, 2025 – Decided April 17, 2025

          Before Judges Chase and Vanek.

          On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-000057-17.

          Mark H. Jensen argued the cause for appellant (Kim Law Firm LLC, attorneys; Yongmoon Kim and Mark H. Jensen, on the briefs).

          Jacquelyn A. DiCicco (J. Robbin Law, PLLC) argued the cause for respondent.

PER CURIAM

Defendant Scott Diana appeals from a trial court order denying his motion to vacate the final default judgment entered in favor of plaintiff LVNV Funding, LLC. Based on our review of the record and prevailing law, we affirm.

I.

The motion record before the trial court shows that on or about May 7, 2015, Credit One Bank, N.A. (Credit One) issued an open-end credit card to defendant along with a card agreement, mailed to his address in Saddle Brook, New Jersey. A change in terms notice was sent to defendant at the same address in November 2015, which was not returned as undeliverable. Defendant used the credit card to make purchases, accepting the agreement and modified terms. Defendant's last payment of the monthly billing statement mailed to his address in Saddle Brook was in November 2015.

The outstanding balance was charged off for non-payment on June 15, 2016. Thereafter, the rights to defendant's credit account, along with others, were transferred to various successors with plaintiff ultimately owning the debt. Defendant never advised Credit One, or any successor entity, of any change in address.

Plaintiff attempted to resolve the outstanding credit card debt with defendant by sending correspondence by regular mail to defendant in Saddle

Brook, after confirming the address through the United States Post Office, National Change of Address database.

When defendant did not respond, plaintiff filed a collection action against defendant in the Special Civil Part on January 3, 2017. The court effectuated service of process on defendant pursuant to Rule 6:2-3 by certified and regular mail to the Saddle Brook address. The court's record of service from the United States Postal Service establishes the certified mail was signed for by a family member and the regular mail was not returned to the court as undeliverable. When defendant did not answer or otherwise appear, the court entered default.

On or about April 11, 2017, plaintiff moved for final default judgment, serving defendant with the motion by certified and regular mail at the same Saddle Brook address.[1] Defendant did not oppose the motion or otherwise respond. On April 20, 2017, the trial court entered default judgment against defendant for the sum of $618.91, inclusive of principal, interest, and costs of suit. Plaintiff served defendant with the judgment by regular and electronic mail but received no responsive communication from defendant.

---

[1] On April 5, 2017, plaintiff was licensed as a consumer lender authorized to purchase consumer debt as a successor-in-interest under the New Jersey Consumer Finance Licensing Act (CFLA), N.J.S.A. 17:11C-1 to -89.

3

Over six years later, defendant filed a motion to vacate the final judgment and entry of default on June 7, 2023, which plaintiff opposed. Defendant's motion was denied without prejudice subject to refiling due to a pending motion on a related Law Division complaint.[2]

Defendant refiled the motion to vacate on January 3, 2024. After considering oral argument, the trial court conducted a plenary hearing to determine whether defendant moved to vacate within a reasonable time of discovering the judgment against him and whether defendant was barred by laches. The trial court stated that if it were to find defendant's motion was filed within a reasonable time, then it would proceed to address defendant's asserted meritorious defenses.

During the plenary hearing, defendant testified that in April 2016 he moved within Pennsylvania from Scranton to Clarks Summit. He first

---

[2] Months before moving to vacate the default judgment in this action, defendant filed a class action complaint against plaintiff LVNV in the Law Division under HUD-L-000013-23. We affirmed the trial court's denial of defendant's cross-motion to consolidate that Law Division action with this Special Civil Part complaint and the dismissal of the class action complaint with prejudice. See Diana v. LVNV Funding, LLC, A-1000-23 (App. Div. Sept. 26, 2024) (slip op. at 14-15).

discovered this collection action against him in 2019 when he received a letter from his attorney asking if he had any dealings with LVNV.

Defendant admitted to living in his family's house in Saddle Brook, without specifying when. He testified his workers' compensation checks still get sent "to [his] house" in Saddle Brook. Defendant could not produce a current tax return to evidence his address, positing his income does not exceed the required tax filing threshold.

After the plenary hearing, the trial court denied defendant's motion to vacate, finding the motion was not filed within a reasonable amount of time after defendant received notice of the judgment. The trial court stated the default judgment was not void for lack of due process since it found service of the summons and complaint was effective pursuant to Rule 6:2-3. The trial court found defendant was served by regular and certified mail to his Saddle Brook address, where his mail was received by his family—the same address where defendant continues to receive his monthly worker's compensation checks, and that defendant describes as "[his] house." The trial court found the regular mail was not returned to sender with any indication the mail was not received and that an individual at the address signed for the certified mail. The trial court also found there was no evidence adduced at the hearing that defendant ever

5

filed a United States Post Office change of address form Saddle Brook to any address in Pennsylvania.

The trial court found defendant knew about the action in 2019 and he, along with his attorney, made a strategic decision not to file his motion to vacate within a reasonable time as required by Rule 4:50-2. Based on the evidence proffered at the plenary hearing, the trial court found there were no "exceptional circumstances" as required to vacate a default judgment under Rule 4:50-1(f) but, rather, "strategic circumstances." The trial court also found the evidence did not establish that enforcement would be "unjust, oppressive or inequitable" where the motion was not timely, service was accomplished at the same address where defendant received his monthly worker's compensation checks, and defendant did not deny incurring the debt.

This appeal followed.

## II.

Defendant argues the trial court erred and abused its discretion by not vacating the final default judgment and the entry of default under Rule 4:50-1(d) and (f). We are unconvinced.

"We review a motion under Rule 4:50-1 to vacate final judgment under an abuse of discretion standard." 257-261 20th Ave. Realty, LLC v. Roberto, 477

N.J. Super. 339, 366 (App. Div. 2023), petition for certif. granted, 256 N.J. 535 (2024) (citing U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). "Although the ordinary abuse of discretion standard defies precise definition, it arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks omitted).

"The decision [as to] whether to vacate a judgment . . . is a determination left to the sound discretion of the trial court, guided by principles of equity." F.B. v. A.L.G., 176 N.J. 201, 207 (2003). "The trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Guillaume, 209 N.J. at 467.

Under Rule 4:50-1(d), a party may seek to vacate a default judgment by demonstrating "the judgment or order is void." Rule 4:50-1(f) has been described as a catch-all provision, and in "'exceptional cases its boundaries are as expansive as the need to achieve equity and justice.'" DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009) (quoting Ct. Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). Relief under Rule 4:50-1(f) is available only when "truly exceptional circumstances are present," because of the "importance that we

attach to the finality of judgments." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)). Not only must the movant "demonstrate the circumstances are exceptional" but also that "enforcement of the judgment or order would be unjust, oppressive or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999).

Motions pursuant to Rule 4:50-1(d) and (f) "shall be made within a reasonable time, . . . after the judgment, order or proceeding was entered or taken." R. 4:50-2. The length of time between entry of the default judgment and moving to vacate should be considered in determining whether to grant relief. Reg'l Constr. Corp. v. Ray, 364 N.J. Super. 534, 541 (App. Div. 2003). "The rule[s are] designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Guillaume, 209 N.J. at 467 (internal quotation marks omitted).

"We have explained that a reasonable time is determined based upon the totality of the circumstances . . . ." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). The judge "has the discretion to consider the circumstances of each case . . . ." Ibid. We have allowed default judgments to be vacated after a reasonable amount of time, only in instances where there is

8

no calculated delay, and the trial court is satisfied that initial service of process was so defective that the judgment is void. See Berger v. Paterson Veterans Taxi Serv., 244 N.J. Super. 200, 205 (App. Div. 1990); see also Jameson v. Great Atl. and Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003) (quoting Rosa v. Araujo, 260 N.J. Super. 458, 462 (App. Div. 1992) ("When 'a default judgment is taken in the face of defective personal service, the judgment is [generally] void.'")).

Applying well-established principles to this matter, we are satisfied the trial court did not abuse its discretion in concluding defendant's motion was not filed within a reasonable time after entry of the final default judgment. Defendant's motion to vacate was filed over six years after final default judgment was entered, and four years after defendant's admitted knowledge of the judgment. Defendant does not explain why he failed to answer or otherwise defend this case—until he moved to vacate the final default judgment in 2023, around the same time that the statute of limitations expired—other than suggesting it was a strategic response. Absent a showing of factual circumstances establishing the delay in moving to vacate was reasonable, we see no basis to disturb the trial court's order. See Garza v. Paone, 44 N.J. Super. 553, 558 (App. Div. 1957) (concluding the defendant's nearly four-year delay in

A-2924-23

filing a motion to vacate was not reasonable); <u>Orner v. Liu</u>, 419 N.J. Super. 431, 437 (App. Div. 2011) (stating a "reasonable time . . . in some circumstances[] may be less than one year from entry of the order in question").

Defendant's reliance on <u>LVNV Funding, LLC v. DeAngelo</u>, 464 N.J. Super. 103 (App. Div. 2020), is unpersuasive. In <u>DeAngelo</u>, we affirmed a trial court order vacating default judgment of a debtor under <u>Rule</u> 4:50-1(f), where defendant waited eight years to file a motion to vacate default and the undisputed record showed the plaintiff collection agency had violated the federal Fair Debt Collection Practices Act. <u>Id.</u> at 108-09. In <u>DeAngelo</u>, we deferred to the trial court, which considered the facts and then balanced competing policy interests using an equitable analysis under <u>Rule</u> 4:50-1(f). <u>Id.</u> at 108. Here, we again defer to the trial court's finding, in this case concluding defendant's willful delay in moving to vacate default judgment did not constitute an abuse of its equitable discretion.

Since our determination on the <u>Rule</u> 4:50-2 threshold applies to the entirety of defendant's motion, our review ends here, and we need not reach the remainder of the issues raised by the parties.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division